Kalela *et al. v.* James Lemon.

## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1880.

*Harris, C. J., Judd and McCully, J. J.*

KALELA ET AL. *vs.* JAMES LEMON.

#### ON EXCEPTIONS.

WHILE A PRESCRIPTIVE RIGHT by adverse possession may be acquired in one piece of land without regard to the holding of other parcels granted by the same royal patent, it is not error, in an action of ejectment for one piece of land, to consider evidence relating to another piece held under the same royal patent, where the acts of possession relied on as to the piece not sued for were involved with the facts relating to the piece claimed in the declaration.

Opinion of the Court by McCULLY, J.

This was an action of ejectment, verdict for the plaintiffs,

Kalela *et al. v.* James Lemon.

exceptions taken to the instructions given to the jury, and to the refusal of instructions prayed for, set forth in the bill as follows:

1. The Court said: "The defense by twenty years possession must be in your minds unquestionable, hostile and uninterrupted;" to which the defendant by his counsel excepted.

2. The counsel for the defense asked the Judge to instruct the jury that, "In regard to the defense by prescription, no evidence relating to the other piece of land not in the case is to be considered," which the Court refused to give and charged instead.

3. That inasmuch as the pieces were in one award and claimed under the same title, and that Kahiuka (defendant's grantor) had put in issue by his evidence his possession of the *mauka* piece claiming it likewise by the same title under which he claimed the *makai* piece (the lot in question), in that way the evidence became relative to the issue, to which refusal and instructions instead the defendant by his counsel excepted.

To explain the foregoing it may be stated that the plaintiff (her husband being joined) claimed the piece of land for which action is brought by virtue of being the grand-daughter of Napohaku, he the brother and sole heir of Kaluhi, to whom the land was awarded by the Land Commission. Kaluhi's patent, which was exhibited from the plaintiff's hands, embraces two pieces.

Apana 1. A pa-hale or house lot in Hamohamo, on the sea beach, containing 35-100 acre, being the lot in controversy; and 2, "He mau loi," some taro patches, and a water right in Niukukahi. These pieces are not adjacent to each other, the precise distance apart is not made known, but they lie in the same District of Waikiki. This patent is like hundreds of others which granted, pursuant to awards, two or more detached lots of land, securing to the native tenant his house lot

on dry land, very frequently on or near the sea beach, and his taro patches inland, whereby he might live according to the Hawaiian way.

The naked principle for which the counsel contends, namely, that where sundry detached pieces are granted in a royal patent, a prescriptive right might be acquired in one of them by adverse possession for more than twenty years, without regard to the holding of the other lots, and that the holding of such other lots by the party having the paper title or by right of inheritance would not defeat the title gained by prescription is sound.

It often happens that the original grantee of sundry parcels under one award conveys them to different persons, or that the titles are divided by devise or distribution of estate, and doubtless the several parcels cease to be affected by the *nexus* of the original grant.

Or if the owner of separate tracts of land conveys them by a single deed, it is not doubted that any one piece might afterwards come to be affected by prescription, without regard to the history of other parcels.

We do not hold that the doctrine of possession of a portion of an estate, tract or parcel of land as a possession of the whole applies to the possession of one piece out of several pieces, only from the fact of such different pieces having been coupled in the grant.

Examining the testimony which comes up with the bill we find that the plaintiff offers evidence that the estate fell from Kaluhi, the patentee, at his death in 1854, or earlier, to his brother Napohaku as his sole heir; that Napohaku held the estate, both pieces, till his death, during the present reign, in 1874 or later; and evidence that she is the grand-daughter and heir of Napohaku.

To meet this case the defendant offers testimony that his grantor Kahiuka was the heir of Kaluhi, and had succeeded to his estate upon his death, so that he now held too by right

Kalela *et al.. v..* James Lemon.

of inheritance, as well as by right of possession which would give him title by prescription.

It was therefore relevant to the case to consider evidence concerning the possession of both pieces. The witnesses for both parties gave testimony on the facts of possession. The defendant's grantor set up a possession of both pieces and was met by plaintiff's evidence, and cross-examination of defendant's with proofs that the one and the other had been held by the tenants of Napohaku till his death.

Of the weight of the testimony it was for the jury to judge, but it is clear that the facts relative to the mauka piece were involved in the case before the Court. The knowledge and the veracity of the witnesses were tested on the one piece as well as the other of Kaluhi's estate. And there was this special reason why both parties should make a stronger case on the mauka land than the beach lot, that crops had been raised there by which possession could be shown, while there had been no inhabited or habitable house on the house lot for thirty-five or forty years, partial and imperfect way, and lain very much open.

We therefore hold that the Court did not err in respect to exceptions one and two.

The first exception taken was not noticed by defendant's counsel in his argument, and appears to have been abandoned as untenable as in our view it is.

Exceptions overruled.

Richard F. Bickerton for plaintiffs..

S. B. Dole for defendant.

Honolulu, October 16, 1880.